IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-353-3BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| JOSEPHINE BEATRICE JOHNSON, | ) | |
| | ) | |

This matter comes before the Court on a *pro se* letter submitted by defendant in which she requests a reduction in her sentence. [DE 207]. Defendant does not raise any issues with the soundness of her sentencing; she merely argues that her post-sentencing behavior and family circumstances entitle her to a sentence reduction. Therefore, the Court does not construe her letter as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Instead, the Court construes defendant's letter merely as a *pro se* motion for sentence reduction.

Though it is clear that defendant desires a reduction in her sentence based on her post-sentencing rehabilitation and family circumstances, she cites no legal authority for such a reduction. "[W]hen a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing." *Pepper v. United States*, 562 U.S. 476, 490 (2011). Unfortunately, *Pepper* is inapposite here, as defendant's sentence has not been set aside on appeal nor has her case has not been remanded for resentencing. Similarly, 18 U.S.C. § 3742 does not "grant jurisdiction to a district court to review a final sentence." *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993).

In sum, defendant has articulated no authority that would allow her sentence to be reduced pursuant to her post-sentencing conduct. Accordingly, her letter, construed herein as a motion for sentence reduction [DE 207], is DENIED.

SO ORDERED, this ___ day of October, 2015.

*[signature: Terrence Boyle]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE