IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CR-353-BO

| | |
|---|---|
| JOSEPHINE BEATRICE JOHNSON,<br>    Petitioner/Movant,<br>        v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | O R D E R |

This cause comes before the court from a letter, construed as a motion, requesting that the Court recommend movant, Josephine Johnson, for "placement under the Second Chance Act for additional home confinement or halfway house." [DE 216]. The government has responded by moving to dismiss. [DE 230]. For the following reasons, movant's *pro se* motion is denied, and the government's motion to dismiss is denied as moot.

## BACKGROUND

Ms. Johnson pled guilty to one count of conspiracy to interfere with commerce by threats and violence and one count of possession of a firearm in furtherance of a crime of violence and aiding and abetting. [DE 177]. On May 15, 2014, she was sentenced to 60 months per count, to run concurrent, and three years of supervised release each, to run concurrent. *Id.* The Court assigned an assessment of $200.00 and restitution in the amount of $7,880.99. *Id.* On December 14, 2015, movant filed the instant motion to recommend home confinement or a halfway house. [DE 216].

## DISCUSSION

"A judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotation marks omitted) (alteration in

original); 18 U.S.C. § 3582(c). These limited circumstances include, motion from the Director of the Bureau of Prisons based on "extraordinary and compelling reasons," defendant's advanced age, a motion by the government pursuant to Federal Rule of Criminal Procedure 35, or upon motion from the BOP director or Court pursuant to a lowered sentencing range. 18 U.S.C. § 3582(c).

Here, movant has not put forth any statute or rule or otherwise demonstrated that circumstances exist which would permit a modification of the judgment. Without this, the Court is unable to modify a final judgment. While the Court recognizes movant's significant accomplishments while incarcerated, the motion must fail.

Moreover, movant has not included any information indicating that she has pursued her claim in the Bureau of Prison's administrative remedy system before seeking judicial relief. *See McKart v. United States*, 395 U.S. 185, 193 (1969) ("The doctrine provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'") (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 (1938)). Accordingly, the matter is not properly before the Court at this time.

For the above reasons, Ms. Johnson's motion is DENIED. [DE 216]. Accordingly, the government's motion to dismiss is DENIED AS MOOT. [DE 230].

SO ORDERED, this __14__ day of June, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE